THEODORE CONROW AND OTHERS, RESPONDENTS, *v.* JOSEPH J. LITTLE AND WILLIAM J. DEMOREST, APPELLANTS, IMPLEADED WITH ALEXANDER C. BRANSCOM.

*Election of remedies — when the commencement of an action and the issuance of a warrant does not constitute an election — a party cannot acquire a lien upon property not owned by his debtor.*

In August, 1884, the plaintiffs were induced, by the delivery to them by the defendant Branscom of a forged note, to enter into an agreement to manufacture for him a large quantity of paper to be used in printing a book. In September of that year, Branscom, by the delivery of a similar forged note, induced the appellants above named to enter into an agreement to print the book. Pursuant to the contract and the direction of Branscom, the plaintiff delivered 150 reams of the paper to the appellants, who at the time of the commencement of this action had used but four reams of the paper and still had the remainder. Upon the receipt of the forged note the appellants had commenced the work of composition, electrotyping and printing, and claimed a lien on the paper for the amount due them for so doing.

When the plaintiffs discovered that the note received by them was a forgery, they brought an action in the Superior Court of New York against Branscom, in which an attachment was issued upon an affidavit charging him with having obtained their goods and money by fraud, and demanding damages. When they ascertained that the appellants still held the 146 reams of paper, they discontinued the action in the Superior Court, in which no complaint had been served, and brought this action to recover the said property.

*Held*, that the action could be maintained. (CULLEN, J., dissenting.)

That the issuance of the attachment in the action in the Superior Court, and its discontinuance without the entry of a judgment, constituted no bar to this action.

That the appellants could acquire no lien upon the paper by virtue of any arrangement with Branscom, for the reason that the latter had no right in or to the property which could be the subject or foundation of a lien.

APPEAL by the defendants, Little and Demorest, from a judgment in favor of the plaintiffs, entered upon the trial of this action at the Kings County Circuit by the court without a jury.

The action was brought to recover the possession of 146 reams of paper, which is a part of 150 reams that were delivered to the defendants Little & Co. by the plaintiffs under a contract made by the latter with the defendant Branscom.

*James R. Marvin*, for the appellants, Little and Demorest.

*Henry Parsons*, for the respondents.

DYKMAN, J.:

In the month of August, 1884, the plaintiffs entered into an agreement with the defendant Branscom to manufacture a large quantity of paper for him to be used for printing a book, and it was to be of such kinds and quantities and ready for delivery at such times as he might direct, to the amount of $7,000.

As security for the payment, or as payment for the paper so to be made and delivered, Branscom delivered to the plaintiffs a promissory note for $7,000, purporting to be made by the Mississippi Mills, but which was in fact a forgery. It seems that the plaintiffs also received another counterfeit note from Branscom, but it has no especial influence in this case further than to swell the amount of their claim.

In the month of September, 1884, Branscom made an arrangement with the defendants to print the book for which the paper of the plaintiffs was intended. A portion of the paper furnished by the plaintiffs under their contract with Branscom was by his direction delivered by them to the defendants, and the book was to be printed thereon. The paper, constituting the subject of this action, was ordered from the plaintiffs and manufactured and delivered by them to the defendants under and in pursuance of their contract with Branscom in the month of October, 1884. The quantity delivered was 150 reams, four of which were printed upon prior to the commencement of this action, but the remaining 146 reams had not been used, and remained in the same condition as when delivered to the defendants, and this action is for the recovery of the possession of that paper or its value.

On the 9th day of September, 1884, Branscom gave the defendants a note for $5,000, similar in all respects to the note he delivered to the plaintiffs, and that was also a forgery. The defendants received it on account of their printing, and then commenced the work of composition, electrotyping and printing, for which they claim a lien on the paper in question. When the plaintiffs discovered their note to be a forgery they commenced an action in the Superior Court of the city of New York, in which an attachment against the property of Branscom was procured on affidavits charging that their goods and money had been obtained by fraud and demanding damages to the extent of the money and the value of

the goods. When the plaintiffs ascertained that 146 reams of their paper had not been printed upon nor used, but remained with the defendants as it had been delivered to them, they made a demand for the same, and upon refusal to deliver it they commenced this action for its recovery. The action in the Superior Court has been discontinued, no complaint having been served therein.

The contention of the plaintiffs now is, that the fraud of Branscom vitiated his contract with them, and that they never parted with the title to the paper, but had the right to follow and reclaim and recover the same from any party not a purchaser thereof in good faith and for value. The defense of the action is based on the ground that the plaintiffs elected an inconsistent remedy by bringing their action in the Superior Court against Branscom for the recovery of the value of the paper with full knowledge of the fraud perpetrated by him, and that such election constituted an affirmance of the sale, and estopped the plaintiffs from following or recovering the paper. The defendants also claim a lien upon the paper in question for the value of the work performed under their contract with Branscom.

It is also claimed by the defendants that the plaintiffs realized a portion of their claim in the attachment suit; but the claim is scarcely justified. The admission of the counsel was that Branscom gave his check for $2,915, representing a portion of the money attached, which amount was applied on the $5,000 note which the plaintiffs had discounted with the consent of Branscom.

So far as the defense to this action is based on the doctrine of estoppel arising from the election of a remedy inconsistent with that pursued in this action, it cannot succeed. The issuance of the attachment in the action in the Superior Court, and its dicontinuance without the entry of judgment, constitute no bar to the present action. (*Equitable Foundry Co.* v. *Hersee*, 33 Hun, 169; *Wright* v. *Ritterman*, 1 Abb. Pr. [N. S.], 428.) Neither can the defendants stand on their lien upon the paper in question. Independent of the fact that they performed no service, and bestowed no labor on that paper, the fraud perpetrated by Branscom upon the plaintiffs vitiated his transaction with them, and as their sale to him was induced by such fraud, they had the right after its discovery to retake and reclaim their property from any person except a trans-

feree in good faith for a valuable consideration. The defendants were not such transferees. In fact, the property never was transferred to them at all; as the title of Branscom was vitiated by his fraud, he had nothing to transfer to the defendants, and never did and never could vest them with any right or title to the property. The lien they claim is against Branscom, and must attach, if at all, to his title or to his property in the goods. As, therefore, he had no property in the goods, and as the title to the property never passed from the plaintiffs, the defendants could acquire no lien upon it by virtue of any arrangement with Branscom, for the simple reason that he had no right in or to the property which could be the subject or foundation of a lien. Under the defendants' claim against him they could acquire no right in the property, because he possessed none himself. In no view can this action be successfully defended.

The judgment should, therefore, be affirmed, with costs.

BARNARD, P. J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.